Where "the BIA conducts a de novo review of an IJ's decision, rather than adopting the IJ's decision as its own, the Ninth Circuit reviews the BIA's decision." *Ochoa v. Gonzales,* 406 F.3d 1166, 1169 (9th Cir.2005). We must treat the agency's findings of fact as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To determine whether a reasonable person would have been compelled to reach a conclusion contrary to that reached by the BIA, we review the record to determine whether it contains "reasonable, substantial, and probative" evidence to support the facts found. *Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812 (internal quotation marks omitted).

Espinoza's first contention on review is that the BIA exceeded its regulatory authority by finding new facts in order to resolve his asylum claim on the merits. He is mistaken. Every fact that the BIA used to resolve his asylum claim was found by the IJ in the course of deciding Espinoza's other claims.

Turning now to the substance of the BIA's decision, we find no error in the denial of Espinoza's claims. We have held that, on very similar facts, a reasonable factfinder would not be compelled to conclude that the applicant had established the well-founded fear of past or future persecution required to qualify for asylum. *See Gutierrez–Centeno v. INS,* 99 F.3d 1529, 1531 (9th Cir.1996) (upholding the BIA's determination that a Nicaraguan seeking asylum had not established past persecution by the Sandinistas where her family prominently supported an opposing political party and several of them had been imprisoned, killed, or had their property confiscated). Here, as there, "[a]lthough we do not find [the petitioner's] claim to be without substantial support, we cannot conclude that the evidence presented was so compelling" as to require reversal. *Id.*

Because Espinoza has not met the requisite standard to qualify for asylum, we cannot set aside the BIA's conclusion that he has failed to meet the "more stringent," "clear probability of future persecution" test for withholding of removal. *See Tamang v. Holder,* 598 F.3d 1083, 1091 (9th Cir.2010). Nor do we see any reason to dispute both the IJ's and the BIA's conclusion that Espinoza has failed to show that it is "more likely than not that he ... would be tortured if removed to the proposed country of removal," 8 C.F.R. § 1208.16(c)(2), because, in the agency's words, "his family has apparently avoided any such harm, [so] there is no basis to conclude that [he] is more likely than they are to be tortured."

Petition **DENIED.**

**Jeffrey D. CHURCH, Plaintiff–Appellant,**

v.

**CITY OF RENO; et al., Defendants–Appellees.**

**No. 13–16062.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2015.

Filed July 24, 2015.

Brian J. Lawler, Esquire, Pilot Law, P.C., San Diego, CA, for Plaintiff–Appellant.

Mark W. Dunagan, Esquire, Deputy City, Reno City Attorney's Office, Reno, NV, for Defendant–Appellee.